**MANS, et al v. STABINSKY, et al.**

Circuit Court, Dade County, Civil Appeal.
July 27, 1951.

Louis A. Sabatino, Miami, for appellants.

Rinehart & Gibbs, Miami, for appellees.

GRADY L. CRAWFORD, Circuit Judge.

This suit originated in the civil court of record based on the breach of a deposit receipt or escrow agreement. A jury returned a verdict for defendants. On April 30, 1951 plaintiffs moved for a new trial which the court granted on May 22 —but without stating grounds or reasons. On May 24 defendants filed notice of appeal from the order granting a new trial, and thereafter filed directions to the clerk, assignments of error and a brief. On July 2 on plaintiffs' motion the court entered an "Order Amending Order Granting New Trial"—setting out four reasons.

Defendants contend there was no basis for setting aside the jury's verdict, that the judge substituted his own for the jury's judgment, and they submit the question—can a judge grant a

new trial without giving any reasons when both old rule 74 (d) and new common law rule 39 (d) require grounds or reasons to be stated?

Plaintiffs contend that even though the May 22 order was defective because no reasons were stated and even though an appeal has been perfected, the lower court retained jurisdiction to enter the amending order curing the defect.

Because the suit was commenced on March 24, 1949 the proceedings are not governed by the new rules which became effective January 1, 1950. Old rule 74 (d) provided that the reasons for granting a new trial be included in the order—and as the May 22 order stated no reasons it did not comply with the rule.

The filing of notice of appeal did not deprive the lower court of jurisdiction to the extent that it could not make an amending order curing the defect in the earlier order. I have read and am familiar with the cases concerning the termination of the authority of a lower court when an appeal has been perfected but in this case I hold that the trial court retained control over its own orders so as to enable it to make necessary amendments thereto.

With respect to the decision of the trial judge in granting a new trial and his reasons therefor, I believe the question whether a new trial shall be granted is a matter resting primarily in the sound legal discretion of the *trial* judge—and no showing of any abuse of such discretion having been made the order will not be disturbed.

For the reasons given the order appealed from is affirmed and the case is remanded for further proceedings.